**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                         **CASE NO: 6:08-cr-21-GAP-RMN**

**TRACY GARRETT**

### ORDER

This cause came before the Court for consideration without oral argument on Defendant Tracy Garrett's ("Defendant's") Motion for Return of Property and to Appoint Counsel. Doc. 397. The Court also considered the Government's Response in Opposition, Doc. 399, and Defendant's Reply. Doc. 400.[1]

On June 6, 2024, the United States Magistrate Judge issued a report recommending (the "R&R") Defendant's Motion be denied. Doc. 412. Defendant filed an Objection to the R&R on June 13, 2024, and the Government Responded on June 20, 2024. Doc. 413; Doc. 414; *see also* Fed. R. Crim P. 59(b)(2).

### I.   Motion to Appoint Counsel

First, the Court acknowledges that the R&R incorrectly concluded that Defendant did not request the appointment of counsel in his motion. *See* Doc. 412

---

[1] The Court also considered the Government's Amended Response and Defendant's Amended Reply, which directed them to attach any evidence they wished to be considered. *See* Doc. 404; Doc. 406; Doc. 407.

at 1, n. 1. On the contrary, Defendant stated: "I need counsel to be appointed for this matter." Doc. 397 at 1. Defendant reiterated this request in his Reply: "First, I beg this court to apoint [sic] me counsel that "<u>will</u>" come before this court with the actual wording of the Law's [sic] and the difference between the words 'payments' and 'tax checks.' " Doc. 400 at 1 (emphasis original). And in his Objection to the R&R, Defendant again stated: "Allow me to first request appointment of counsel on this cause." Doc. 413 at 1.

"Prisoners, including those under a sentence of death, have no constitutional right to the appointment of counsel for postconviction proceedings." *Arthur v. Allen*, 452 F.3d 1234, 1249 (11th Cir. 2006) (citing *Murray v. Giarratano*, 492 U.S. 1, 10, 12 (1989)). While "the Court has authority under 28 U.S.C. § 2255 and 18 U.S.C.§ 3006(A)(2)(B) to appoint counsel in postconviction proceedings[,]…[s]uch an appointment requires a finding of exceptional circumstances." *United States v. Grajales*, No. 09-20964-CR-SEITZ, 2023 WL 8720147, *1 (S.D. Fla. Dec. 18, 2023) (citing *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). Defendant's motion provides no details or facts showing any exceptional circumstances to justify appointment of counsel for this civil administrative matter. *See* Doc. 397 at 1; Doc. 400 at 1. Finding that no exceptional circumstances exist, Defendant's Motion to Appoint Counsel for the purpose of his Motion is **DENIED**.

## II. Motion to Return Property

Defendant makes only one, half-hearted argument in his Objection to the Magistrate Judge's R&R—that his recovery rebate credit ("RRC") funds are exempt from the Department of the Treasury's Offset Program ("TOP"). Doc. 413. He attached a May 16, 2024, letter from the Internal Revenue Service ("IRS"), contending that it shows his RRC payments are exempt from offset. *Id.*; *see also* Doc. 413-1. However, the letter makes clear that the RRC, while "not subject to IRS debt[,] will offset non-tax debts," like his. *Id.* (emphasis added); *see also* Doc. 414 at 1.

When Congress passed the CARES Act and related legislation, it specifically exempted RRC payments from TOP—**but only those payments claimed as advance refunds during the COVID-19 pandemic of 2020 and 2021**. *See* Pub. L. 116–136, div. A, title II, § 2201(d), Mar. 27, 2020, 134 Stat. 338, as amended by Pub. L. 116–260, div. N, title II, § 273(b)(1), Dec. 27, 2020, 134 Stat. 1978; Pub. L. 117–2, title IX, §9601(c)(2), Mar. 11, 2021, 135 Stat. 143. RRC payments claimed as a regular credit on tax returns for 2020 and 2021 remain subject to TOP. *See id.*; *see also Prance v. United States*, 2023 WL 6799101, (Fed. Cl. Oct. 13, 2023).

Defendant did not receive his RRC payments as an advance refund, as indicated by the IRS letter: "Your refund claim for [RRC]…was offset…for a non-tax debt." Doc. 413-1 (emphasis added). Indeed, that Defendant did not receive the RRC payment until February 2, 2024, strongly corroborates the Court's finding

that it was not sought in advance of filing for tax years 2020 and 2021. *See* Doc. 407-2. In any event, Defendant has failed to show that his refund was an advance RRC payment exempted by statute—indeed, the statutes appear to explicitly foreclose such a possibility. *See* Pub. L. 116–136, div. A, title II, § 2201(f)(3)(A), Mar. 27, 2020, 134 Stat. 338 ("No refund or credit shall be made or allowed under this subsection after December 31, 2020."); Pub. L. 116–260, div. N, title II, § 273(f)(3)(A)(ii), Dec. 27, 2020, 134 Stat. 1978 ("[N]o refund or credit shall be made or allowed under this subsection after January 15, 2021."); Pub. L. 117–2, title IX, §9601(g)(3), Mar. 11, 2021, 135 Stat. 143 ("No refund or credit shall be made or allowed under this subsection after December 31, 2021.").

Moreover, the R&R correctly recognizes that this Court is barred from reviewing offsets made pursuant to the TOP unless challenging the validity of the underlying debt. *See* 26 U.S.C. § 6402(g); *Prance*, 2023 WL 6799101, at *3. And any challenge that Defendant may have had toward his debt's validity and inclusion in the TOP is untimely. 31 U.S.C. § 3720A(b)(2) (requires debtors be given at least 60 days to present evidence that the debt is not past-due or legally enforceable).

Though Defendant purports to argue that he never received notice of his debt in 2010, he presents no evidence beyond self-serving statements to refute the Government's evidence that he was notified. Doc. 407; *see also* Doc. 406-4; Doc. 406-5; Doc. 406-6. Indeed, Defendant *corroborates* the Government's assertion that he

was notified that his debt (including his restitution) was placed in the TOP program on November 18, 2009. Doc. 400 at 1 ("I never received any notice and pa[id] close attention to when I got sentence [*sic*] (September 18, 2009) and **when the U.S. Attorney placed me in this offset program (Nov. 18, 2009).**").

Even if the Court considered them, his arguments attempting to distinguish his special assessment from his restitution and the timing of their due dates are frivolous and ultimately do not disclaim that his restitution is owing. *See* Doc. 171 at 4 ("The Defendant is hereby ordered to begin payment immediately and continue to make payments to the best of the defendant's ability until this obligation is satisfied."); Doc. 407-1 ("It is ordered, however, that you pay a special assessment to the United States in the total amount of $600, which shall be due immediately."); *see also U.S. v. Pickett*, 505 F.App'x 838, 841 (11th Cir. 2013) ("Under 18 U.S.C. § 3613(c), an order of restitution is a lien in favor of the United States, and the lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b)."). Thus, this Court has no jurisdiction to consider his request.[2] *See* 26 U.S.C. § 6402(g).

---

[2] *See United States v. Abusaid*, No. 8:04-cr-490-T-17, 2018 WL 8576508 (M.D. Fla. Feb. 22, 2018) ("The TOP is plainly an administrative practice and procedure under federal law that, by its terms, is available as a means to collect debts owed to the United States. The procedure is established by statute and administered under implementing regulations, which provide due process to debtors against whom offset is sought. While government counsel hyperbolically (and incorrectly) argues that 'the offset process is an administrative process beyond the jurisdiction of

Accordingly, it is **ORDERED** as follows:

1. The Report and Recommendation, excluding footnote 1 on page 1, is **CONFIRMED** and **ADOPTED** as part of this Order.

2. Defendant's Motion to Appoint Counsel and Motion to Return Property is hereby **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 24, 2024.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant

---

this Court,' **still, defendant must, in the first instance, seek administrative relief as prescribed by the statute and implementing regulations**. Judicial review of administrative processes and decisions is available, of course, but it is limited, and to obtain relief defendant would generally be required to show arbitrary, capricious, or plainly unlawful conduct on the part of the administrative decision-makers.") (emphasis added).